## Toledo, St. Louis & Western Railroad Company v. Milton Baker.

DEFINITION—"*wilfulness*." "Wilfulness" is "An entire absence of care for the life, the person or the property of others, such as exhibits a conscious indifference to consequences."

Action in case for personal injuries. Appeal from the Circuit Court of Vermilion county; the Hon. JAMES W. CRAIG, Judge, presiding. Heard in this court at the May term, 1907. Reversed. Opinion filed December 7, 1907.

CHARLES A. SCHMETTAU, GEORGE P. GREENHALGH and STEELEY & CLEMENTS, for appellant; CLARENCE BROWN, of counsel.

S. M. CLARK, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action by appellee against appellant for the recovery of damages for personal injuries. A trial by jury resulted in a verdict for $500 upon which judgment was rendered against the defendant. To reverse such judgment this appeal is prosecuted. The declaration charges that appellant, by its servants, while operating a train on its railroad at Ridgefarm, Illinois, invited appellee to assist in unloading certain boxes from a freight car in said train at the depot in said village, and that while appellee was assisting to lower said boxes from said car, and in the exercise of due care and caution for his own safety, a brakeman who was then and there in the employ of appellant wilfully and recklessly lowered a certain box upon appellee and injured him. The uncontroverted facts are substantially the following: Appellee, a drayman residing at Ridgefarm, was at appellant's station when one of its local freight trains arrived there at about ten o'clock in the morning. The waycar of the train containing shipments for Ridgefarm was stopped on

a road crossing with the door of the car just west of the depot platform. While the conductor and brakeman of the train were removing a box of merchandise from the car, the box fell striking appellee and causing the injury charged in the declaration. Appellee testified upon the trial that after the train arrived the brakeman rolled a box to the door of the waycar and that the conductor then asked appellee to assist in unloading the box; that he and the conductor then lowered the same out of the car to the ground; that he and the conductor then started to roll the box out of the way of the door when the brakeman shouted "look out" and before appellee could get out of the way, rolled another box out of the car which struck appellee upon one of his legs, and fractured the bone of the same. The brakeman testified that he was unaware of appellee's presence in the vicinity until after the box had fallen.

As to whether or not appellee was requested by the conductor to assist in unloading the car and whether he was so assisting, the evidence is in conflict. Inasmuch however as counsel for appellee concedes in argument in this court that appellee was at the time he was injured a trespasser, the question becomes unimportant. It is obvious that to entitle appellee to recover under the averments of his declaration, it was essential that he establish by the greater weight of the evidence that the act of the brakeman in lowering the box upon him was wilful. Thompson in his Commentaries upon the Law of Negligence (Vol. 1, § 22) says: "An entire absence of care for the life, the person or the property of others, such as exhibits a conscious indifference to consequences, makes a case of constructive or legal wilfulness, such as charges the person whose duty it was to exercise care, with the consequences of a wilful injury." I. C. R. R. Co. v. Leiner, 202 Ill. 624.

We are satisfied, from a full consideration of the evidence, that the jury was unwarranted in finding

that the act of the brakeman was wilful within the meaning of the law. While he was perhaps negligent in rolling the box from the car, the evidence fails to show that there was such an entire want of care or unconscious indifference as to consequences as to indicate wilfulness. The testimony of appellee that before rolling the box out of the car, the brakeman warned those in the vicinity to "look out," tends strongly to negative the idea that he intended that the box should strike appellee or that he was indifferent as to whether it did or not.

There is no evidence in the record other than appellee's account of the occurrence, tending to show that the act was wilful, and that, we think, is manifestly insufficient. While the question is primarily one for the determination of the jury we are impelled to hold that its finding in the present case was clearly unwarranted by the evidence. It therefore becomes our duty to reverse the judgment of the Circuit Court without remanding the cause.

*Reversed.*

Finding of fact, to be incorporated in the judgment of the court:

We find that the servants of appellant did not wilfully lower the box in question upon appellee as charged in the declaration.